1

2

3

4

5

6

7

8

9

10

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

11

DAMON JEROME THOMAS,                    )          1:12-cv-01319 MJS HC
                                        )
12                    Petitioner,        )
                                        )          ORDER TO SHOW CAUSE WHY THE
13       v.                             )          PETITION SHOULD NOT BE DISMISSED
                                        )          FOR   PETITIONER'S   FAILURE   TO
14                                       )          EXHAUST STATE REMEDIES
PEOPLE OF THE STATE OF                  )
15 CALIFORNIA,                          )
                                        )
16                    Respondent.        )
_____)

17

18         Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

19 pursuant to 28 U.S.C. § 2254. Petitioner challenges an August 1, 2012 conviction by the

20 Fresno County Superior Court of resisting an officer. (Pet., ECF No. 1.) Petitioner had yet to

21 be sentenced at the time of filing the petition. (Id.)

22 **I.      DISCUSSION**

23         Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary

24 review of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it

25 plainly appears from the petition . . . that the petitioner is not entitled to relief."  Rule 4 of the

26 Rules Governing § 2254 Cases; Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990).

27 Otherwise, the Court will order Respondent to respond to the petition.  Rule 5 of the Rules

28 Governing § 2254 Cases.

1    A petitioner who is in state custody and wishes to collaterally challenge his conviction

2  by a petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. §

3  2254(b)(1).  The exhaustion doctrine is based on comity to the state court and gives the state

4  court the initial opportunity to correct the state's alleged constitutional deprivations.  Coleman

5  v. Thompson, 501 U.S. 722, 731 (1991);  Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo

6  v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

7    A petitioner can satisfy the exhaustion requirement by providing the highest state court

8  with a full and fair opportunity to consider each claim before presenting it to the federal court.

9  Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971);

10  Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996).  A federal court will find that the highest

11  state court was given a full and fair opportunity to hear a claim if the petitioner has presented

12  the highest state court with the claim's factual and legal basis. Duncan, 513 U.S. at 365 (legal

13  basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 9 (1992) (factual basis).

14    Additionally, the petitioner must have specifically told the state court that he was raising

15  a federal constitutional claim.  Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666,

16  669 (9th Cir.2000), amended, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th

17  Cir.1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998).  In Duncan, the United States

18  Supreme Court reiterated the rule as follows:

19    In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of
20  state remedies requires that petitioners "fairly present" federal claims to the state
     courts in order to give the State the "'opportunity to pass upon and correct'
21  alleged violations of the prisoners' federal rights" (some internal quotation marks
     omitted). If state courts are to be given the opportunity to correct alleged
22  violations of prisoners' federal rights, they must surely be alerted to the fact that
     the prisoners are asserting claims under the United States Constitution. If a
23  habeas petitioner wishes to claim that an evidentiary ruling at a state court trial
     denied him the due process of law guaranteed by the Fourteenth Amendment,
24  he must say so, not only in federal court, but in state court.

25  Duncan, 513 U.S. at 365-366.  The Ninth Circuit examined the rule further, stating:

26    Our rule is that a state prisoner has not "fairly presented" (and thus exhausted)
     his federal claims in state court unless he specifically indicated to that court that
27  those claims were based on federal law. See Shumway v. Payne, 223 F.3d 982,
     987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court
28  has held that the petitioner must make the federal basis of the claim explicit
     either by citing federal law or the decisions of federal courts, even if the federal

1
2
3
4

> *basis is "self-evident*," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .

5
6

> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

7  Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

8      Upon review of the instant petition for writ of habeas corpus, it appears that Petitioner
9  has not presented his claims to the highest state court, the California Supreme Court.  It is
10 noted that Petitioner addressed the instant petition to the Fresno County Superior Court but
11 filed it with the United States District Court g in Fresno California. If Petitioner did not intend
12 to file his petition in federal court, he may move to withdraw it  without prejudice under Federal
13 Rule of Civil Procedure 42(a).

14     However, if Petitioner wishes to proceed in the instant action, he must provide evidence
15 that his claims have been presented to the California Supreme Court. Petitioner failed to
16 provide any information regarding state petitions in the space provided on the habeas corpus
17 petition form. Accordingly, this Court cannot determine which, if any, of his claims have been
18 exhausted. If Petitioner has not presented his claims to the California Supreme Court, the
19 Court cannot proceed to the merits of those claims. 28 U.S.C. § 2254(b)(1). It is possible,
20 however, that Petitioner has presented his claims to the California Supreme Court and simply
21 neglected to inform this Court. Thus, Petitioner must inform the Court if his claims have been
22 presented to the California Supreme Court, and if possible, provide the Court with a copy of
23 the petition filed in the California Supreme Court, along with a copy of any ruling made by the
24 California Supreme Court. Without knowing what claims have been presented to the California
25 Supreme Court, the Court is unable to proceed to the merits of the petition.

26 **II.**    **ORDER**

27     Accordingly, Petitioner is ORDERED TO SHOW CAUSE why the petition should not
28 be dismissed for Petitioner's failure to exhaust state remedies.  Petitioner is ORDERED to

1   inform the Court what claims have been presented to the California Supreme Court within

2   thirty (30) days of the date of service of this order.

3         Petitioner is forewarned that failure to follow this order will result in dismissal of the

4   petition pursuant to Local Rule 110.

5

6   IT IS SO ORDERED.

7   Dated:   _____September 14, 2012_____        /s/ *Michael J. Seng*

                                        UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28