# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAMON JEROME THOMAS, | 1:12-cv-01319 MJS HC |
| Petitioner, | ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS FOR |
| v. | FAILURE TO EXHAUST STATE REMEDIES |
| PEOPLE OF THE STATE OF CALIFORNIA, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Petitioner has consented to Magistrate Judge jurisdiction. (ECF No. 4.)

## I.   **BACKGROUND**

Petitioner is currently in the custody of the California Department of Corrections. On August 14, 2012, Petitioner filed the instant petition for writ of habeas corpus in this Court alleging constitutional violations with regard to his conviction in Fresno County Superior Court.

-1-

1   (Pet., ECF No. 1.)

2       Petitioner made no mention in his petition regarding whether his claims had been

3   properly presented to the California Supreme Court. On September 14, 2012, this Court

4   ordered Petitioner to show cause why the petition should not be dismissed for failure to

5   exhaust state remedies. Petitioner was forewarned that the failure to comply with the order

6   would result in dismissal of the petition. (Order, ECF No. 6.) The Petitioner was ordered to file

7   a  response within thirty days of service of the order to show cause.

8       On October 3, 2012, Petitioner filed a response to the order to show cause. (Response,

9   ECF No. 8.) In the response, Petitioner states that he filed only petitions with the Fresno

10  County Superior Court and the present petition with this Court. (Id.)

11  **II.      DISCUSSION**

12      **A.      Procedural Grounds to Dismiss Petition**

13      Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a

14  petition if it "plainly appears from the petition and any attached exhibits that the petitioner is

15  not entitled to relief in the district court . . . ."  The Advisory Committee Notes to Rule 5 of the

16  Rules Governing § 2254 Cases state that "an alleged failure to exhaust state remedies may

17  be raised by the attorney general, thus avoiding the necessity of a formal answer as to that

18  ground."   Based on the Rules Governing Section 2254 Cases, the Court will determine

19  whether Petitioner is entitled to relief pursuant to its authority under Rule 4.

20      **B.      Exhaustion of State Remedies**

21      A petitioner who is in state custody and wishes to collaterally challenge his conviction

22  by a petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. §

23  2254(b)(1).  The exhaustion doctrine is based on comity to the state court and gives the state

24  court the initial opportunity to correct the state's alleged constitutional deprivations.  Coleman

25  v. Thompson, 501 U.S. 722, 731 (1991);  Rose v. Lundy, 455 U.S. 509, 518 (1982).

26      A petitioner can satisfy the exhaustion requirement by providing the highest state court

27  with a full and fair opportunity to consider each claim before presenting it to the federal court.

28  Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971);

1  Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). Additionally, the petitioner must have

2  specifically told the state court that he was raising a federal constitutional claim.  Duncan, 513

3  U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir.2000), *amended*, 247 F.3d 904

4  (2001). In Duncan, the United States Supreme Court reiterated the rule as follows:

5        In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that
   exhaustion of state remedies requires that petitioners "fairly presen[t]" federal
6  claims to the state courts in order to give the State the "'opportunity to pass upon
   and correct alleged violations of the prisoners' federal rights" (some internal
7  quotation marks omitted). If state courts are to be given the opportunity to
   correct alleged violations of prisoners' federal rights, they must surely be alerted
8  to the fact that the prisoners are asserting claims under the United States
   Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at
9  a state court trial denied him the due process of law guaranteed by the
   Fourteenth Amendment, he must say so, not only in federal court, but in state
10 court. Duncan, 513 U.S. at 365-366.

11    The Ninth Circuit examined the rule further, stating:

12        Our rule is that a state prisoner has not "fairly presented" (and thus
   exhausted) his federal claims in state court *unless he specifically indicated to*
13 *that court that those claims were based on federal law*. See Shumway v. Payne,
   223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in
14 Duncan, this court has held that the *petitioner must make the federal basis of the*
   *claim explicit either by citing federal law or the decisions of federal courts, even*
15 *if the federal basis is "self-evident*," Gatlin v. Madding, 189 F.3d 882, 889 (9th
   Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the
16 underlying claim would be decided under state law on the same considerations
   that would control resolution of the claim on federal grounds. Hiivala v. Wood,
17 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31
   (9th Cir. 1996); . . . .

18

19        In Johnson, we explained that the petitioner must alert the state court to
   the fact that the relevant claim is a federal one without regard to how similar the
20 state and federal standards for reviewing the claim may be or how obvious the
   violation of federal law is. Lyons, 232 F.3d at 668-669 (italics added).

21    As stated above, Petitioner was informed by the Court that the claims of his federal

22 petition were unexhausted and ordered to show cause why the petition should not be

23 dismissed. Petitioner has not provided any evidence that he filed a petition with the California

24 Supreme Court.  His response to the Order to show cause reflects  he has not filed such a

25 petition. The Court is considerate of Petitioner's interest in having the present case

26 adjudicated, however this Court cannot properly hear his claims until they are presented in

27 state court.  As Petitioner has not shown that he has exhausted the claims in the instant

28 petition with the California Supreme Court, the petition must be dismissed.

1

## <u>ORDER</u>

2        Accordingly, IT IS HEREBY ORDERED that the Petition for Habeas Corpus be

3 DISMISSED without prejudice[1].

4

5 IT IS SO ORDERED.

6 Dated:   <u>October 12, 2012</u>        /s/ *Michael J. Seng*

7                                      UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

_____

27        [1]A dismissal for failure to exhaust is not a dismissal on the merits, and Petitioner will not be barred from returning to federal court after Petitioner exhausts available state remedies by 28 U.S.C. § 2244 (b)'s prohibition

28 on filing second petitions.  <u>See</u> In re Turner, 101 F.3d 1323 (9th Cir. 1996).